BILL LOCKYER Attorney General CLAYTON P. ROCHE Deputy Attorney General
The CALIFORNIA BUILDING STANDARDS COMMISSION has requested an opinion on the following questions:
1. Is City of Pasadena Ordinance No. 6847, which authorizes that the International Building Code, the International Residential Code, the International Plumbing Code, the International Fuel and Gas Code, and the International Mechanical Code may be deemed by the city's building official as an approved alternate for materials, designs, and methods of construction, consistent with state law?
2. Does state law allow model building codes other than those adopted in the California Building Standards Code to be deemed by a local jurisdiction as "approved alternate" authority to the California Building Standards Code for purposes of approving materials, designs, and methods of construction for buildings constructed in California?
 CONCLUSIONS
1. City of Pasadena Ordinance No. 6847, which authorizes that the International Building Code, the International Residential Code, the International Plumbing Code, the International Fuel and Gas Code, and the International Mechanical Code may be deemed by the city's building official as an approved alternate for materials, designs, and methods of construction, is not consistent with state law.
2. State law does not allow model building codes other than those adopted in the California Building Standards Code to be deemed by a local jurisdiction as "approved alternate" authority to the California Building Standards Code for purposes of approving materials, designs, and methods of construction for buildings constructed in California.
 ANALYSIS
The Legislature has enacted the California Building Standards Law (Health Saf. Code, §§ 18901-18949.31)[1]
to govern the adoption of building standards published in the California Building Standards Code (§ 18910; Cal. Code Regs., tit. 24; "Code") by the California Building Standards Commission ("Commission") (§ 18942). One part of the 2001 Code is the 1998 California Building Code, which in turn is based upon the 1997 edition of the Uniform Building Code. (See 83 Ops.Cal.Atty.Gen. 210, 210-211 (2000).)
The two questions presented for analysis concern the authority of a city (or county) to approve materials, designs, and methods of construction not specifically prescribed in the Code.
1. Ordinance No. 6847
On December 18, 2000, the City Council of the City of Pasadena unanimously adopted Ordinance No. 6847, providing in relevant part:
 "For the purpose of determining the suitability of alternate materials, alternate design and methods of construction and approving their use as set forth in Section 104.2.8 of the 1998 California Building Code, the International Building Code, the International Residential Code, the International Plumbing Code, the International Fuel and Gas Code, and the International Mechanical Code as published by the International Code Council (ICC) may be deemed by the building official as an approved alternate for materials, design and methods of construction. One copy of the above referenced codes are on file for public inspection."2
Section 104.2.8 of the 1998 California Building Code, referenced in the ordinance and constituting a portion of the Code, provides:
 "The provisions of this code are not intended to prevent the use of any material, alternate design or method of construction not specifically prescribed by this code, provided any alternate has been approved and its use authorized by the building official.
 "The building official may approve any such alternate, provided the building official finds that the proposed design is satisfactory and complies with the provisions of this code and that the material, method or work offered is, for the purpose intended, at least the equivalent of that prescribed in this code in suitability, strength, effectiveness, fire resistance, durability, safety and sanitation.
 "The building official shall require that sufficient evidence or proof be submitted to substantiate any claims that may be made regarding its use. The details of any action granting approval of an alternate shall be recorded and entered in the files of the code enforcement agency."
The Code preempts local regulations as to building standards except in the narrow set of circumstances set forth sections in 17958.5 and 17958.7 regarding "local conditions." (See Leslie v. Superior Court (1999)73 Cal.App.4th 1042, 1048; Building Industry Assn. v. City of Livermore (1996) 45 Cal.App.4th 719, 726; ABS Institute v. City of Lancaster (1994)24 Cal.App.4th 285, 293; Briseno v. City of Santa Ana (1992)6 Cal.App.4th 1378, 1382-1383; Danville Fire Protection Dist. v. Duffel Financial Constr. Co. (1976) 58 Cal.App.3d 241, 245-249.) It is not suggested that Ordinance No. 6847 was adopted pursuant to the authority of sections 17958.5 and 17958.7
to modify the Code's building standards due to local conditions within the city. Rather, the issue is whether Ordinance No. 6847 is consistent with the language of section 104.2.8 of the California Building Code. Under the latter provision, a material, design, or method of construction may be approved by a building official as an alternate to what is prescribed in the California Building Code. The building official must be satisfied that the material or method of construction is at least equivalent to that prescribed in the California Building Code for the
2 "Building official" is a technical term referring to the person responsible for overseeing local code enforcement activities. (See §18949.27.) purpose intended.
Any reliance upon the International Codes or other evidence must be based upon a case-by-case examination of the evidence by the building official. In 64 Ops.Cal.Atty.Gen. 536 (1981), we analyzed similar language in a related context, stating:
 "The question remains as to whether the Legislature intended under the statute for a city to review and approve alternate methods of construction on an individual project basis or whether a finding of equivalency may be made applicable to all future projects where the identical alternate method of construction is proposed.
 "Applying the principles of statutory interpretation enumerated in the discussion of the first question, we believe that a project-by-project review is necessary under the statute's provisions. The key phrase is that an alternate method of construction can be approved if a finding is made `that the proposed design is satisfactory and that the . . . method, or work offered is, for the purpose intended, at least the equivalent of that prescribed in the State Building Standards Code.'
 "Because of the use of the word `design' in the singular (as well as the entire statute being drafted in the singular), the possible unique features of any project vis-a-vis a particular alternate method of construction, and no express indication in the statute of a multiple approval process, it appears that the Legislature contemplated a project-by-project review procedure. Such a conclusion gives the statutory language its ordinary and usual meaning, harmonizes the provisions as a whole, and appears to be a workable solution without the imposition of undue administrative burdens." (Id. at p. 540.)
Ordinance No. 6847, on the other hand, does not envision a case-by-case review and determination by the building official of the required findings. Rather, it sets forth a legislative policy that the International Codes may be deemed approved alternatives without further investigation by the building official. (See 57 Ops.Cal.Atty.Gen. 443, 445-447 (1974).) The purpose of the ordinance was described in the Agenda Report of the City Manager of the City of Pasadena dated October 9, 2000:
 "The merging of the three major building codes has substantially advanced the Code Development Process. The International Codes have been created by a combination of the Uniform Building Code, the Basic National Building Code, and the Southern Standard Building Code. The provisions of these codes have been incorporated into a single document titled, the International Building Code. This Code contains the most modern, up-to-date code provisions and is recognized by the Federal Emergency Management Agency as the latest code for protection of property against natural disasters. "The development of building codes is a process generally taking from 3-5 years. After the building codes are developed the State of California usually takes an additional 1-2 years to incorporate it into State Law. The codes that we are currently using were developed in 1993, 1994 and 1995. The City of Pasadena has many architects, engineers and developers that also work in other parts of the country. They are accustomed to utilizing the more up-to- date provisions found in the International Codes. To recognize the provisions of International Codes as acceptable alternates it will be clear that the newer and safer methods of design are acceptable without the necessity of going through Board of Appeals Hearings for each request.
 "The incorporation of the codes as published by the International Code Council (ICC) as an alternate approved method in plumbing, mechanical, residential and building sections of the Pasadena Municipal Code would allow for the alternate uses and the recognition of the latest materials and construction techniques without the necessity of individual special review processes for each project."
The lack "of individual special review processes for each project" authorized by Ordinance No. 6847 is inconsistent with state law, section 104.2.8 of the California Building Code. As we have seen, state law requires the weighing of evidence in each case to substantiate the claimed alternative use.
We thus conclude in answer to the first question that City of Pasadena Ordinance No. 6847, which authorizes that the International Building Code, the International Residential Code, the International Plumbing Code, the International Fuel and Gas Code, and the International Mechanical Code may be deemed by the city's building official as an approved alternate for materials, designs, and methods of construction, is not consistent with state law.
2. Model Codes
The second question presented for resolution is whether state law allows model building codes other than those adopted in the Code to be deemed by a local jurisdiction as "approved alternate" authority for purposes of approving materials, designs, and methods of construction for buildings to be constructed.
Our discussion with respect to the first question and Ordinance No. 6847 essentially answers the second question as well. The purpose of the California Building Standards Law is to require uniform building regulations throughout the state except where a local regulation may be appropriate for "local conditions." Even in such situation, a city or county must justify any proposed exemption from the state's uniform standards by making express findings and filing them with the Commission. (§§ 17958.5,17958.7.) To conclude that state law permits local jurisdictions to deem model codes other than those adopted in the Code as "approved alternates" would be inconsistent with the legislative intent to require and ensure uniformity of building regulations throughout the state. As stated in Briseno v. City of Santa Ana, supra,6 Cal.App.4th 1378, "it makes little sense to prescribe a narrow set of circumstances in which local entities can override state law [i.e., as to local conditions] if those entities are already free to override state law with impunity." (Id. at p. 1383.)
In keeping with our 1981 opinion, 64 Ops.Cal.Atty.Gen. 536, supra, we find that section 104.2.8 of the Uniform Building Code requires a case-by-case analysis with respect to a proposed material, design, or method of construction, including an individual investigation by the local building official. The official must require evidence as to the equivalency of the particular proposed alternate.
In the present situation, we recognize that the International Codes represent accepted principles and tests by recognized technical and scientific organizations. However, under section 104.2.8 of the California Building Code, the building official must still determine the propriety of a proposed alternate by applying accepted principles and evaluating the particular proposal for equivalency "in suitability, strength, effectiveness, fire resistence, durability, safety and sanitation." That statutory responsibility is not subject to delegation to a third party such as the publishers of the International Codes. The legislative mandate, that building standards be uniform throughout the state, would otherwise be effectively thwarted.
We conclude in answer to the second question that state law does not allow model building codes other than those adopted in the Code to be deemed by a local jurisdiction as "approved alternate" authority to the Code for purposes of approving materials, designs, and methods of construction for buildings constructed in California.
* * * * *
[1] All references hereafter to the Health and Safety Code are by section number only.